**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| STAVOLA QUARRIES, LLC, | : | CIVIL ACTION NO. 08-3728 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| TOWNSHIP OF TEWKSBURY, | : | |
| | : | |
| Defendant. | : | |

**THE COURT** ordering the plaintiff to show cause why the complaint should not be dismissed for lack of prosecution under Local Civil Rule 41.1(a) and Federal Rule of Civil Procedure 41(b) (dkt. entry no. 4, 12-5-08 Order to Show Cause ("OTSC")); and the action having been pending for more than 120 days without the plaintiff taking any proceedings; and the plaintiff having been advised that the Court intended to dismiss the complaint unless good cause was shown for the lack of prosecution (id.), see L.Civ.R. 41.1(a), see also Fed.R.Civ.P. 41(b) (stating complaint may be dismissed for failure to prosecute); and

**THE COURT** having directed the plaintiff to respond by December 29, 2008 (OTSC at 2); and the plaintiff failing to respond, even though the time period to do so elapsed one week ago; and the plaintiff also failing to respond to a telephonic inquiry from the Office of the Clerk of the Court ("Clerk's Office") on December 29, 2008, concerning a response to the Order to Show Cause; and

**IT APPEARING** that the Court, when deciding whether to dismiss a complaint under Federal Rule of Civil Procedure 41(b), must balance:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); and

**THE PLAINTIFF** failing to (1) respond to the Court's inquiry, (2) respond to the inquiry from the Clerk's Office, or (3) prosecute the action for more than 120 days; and thus the Court concluding that the plaintiff has (1) become personally responsible for the delay, (2) been consistently dilatory, and (3) shown willful conduct; and thus the first, third, and fourth Poulis factors weighing against the plaintiff; and

**THE COURT** concluding that the plaintiff's consistent delay in prosecution has prejudiced the defendant in its defense of this action; and thus the second Poulis factor weighing against the plaintiff; and the Court affording the plaintiff — and the plaintiff failing to take advantage of — the opportunity to proceed; and the Court concluding that a sanction other than

dismissal will engender more delay and be ineffective; and thus the fifth Poulis factor weighing against the plaintiff; and the Court being unable to discern whether the claims herein have merit; and thus the Court deeming the sixth Poulis factor to be neutral; and

**THE COURT** balancing the aforementioned six factors; and it appearing that the complaint should be dismissed for failure to prosecute; and thus the Court intending to (1) grant the Order to Show Cause, and (2) dismiss the complaint for the plaintiff's failure to comply with Federal Rule of Civil Procedure 41(b) and Local Civil Rule 41.1(a); and the Court, as to Local Civil Rule 41.1(a), being authorized to impose harsh penalties when enforcing the Local Civil Rules, see Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004); United States v. 11 Vehs., Their Equip. & Accessories, 200 F.3d 203, 214 (3d Cir. 2000); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated: January 5, 2009